UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**EXECUTIVE RISK SPECIALTY INSURANCE CO.,**

 **Plaintiff,**

vs.                 **Case No.: 3:07-cv-358-J-16TEM**

**BLUE CROSS AND BLUE SHIELD OF FLORIDA,**

 **Defendant.**
_____/

**I. Factual and Procedural Background**

Plaintiff, Executive Risk Speciality Insurance Co. ("Executive Risk") issued a Managed Care Errors & Omissions Liability Policy (the "Policy") to Defendant, Blue Cross and Blue Shield of Florida, Inc. ("Blue Cross") for the period November 1, 2002, through November 1, 2003.[1] Health care providers and other managed care companies filed three claims in federal court, the Thomas, Soloman and Stein actions (collectively, the "Provider Actions"), alleging that Blue Cross mishandled their claims.[2] Blue Cross tendered the Provider Actions to Executive Risk for defense and indemnity. Executive Risk responded

---

[1] The Policy is numbered 8167-7742.

[2] The Provider Claims are captioned: 1) <u>Rick Love, et al. v. Blue Cross and Blue Shield Association</u>, United States District Court, S.D. Fla., No. 03-21296 ("Thomas"); 2) <u>Dr. Jeffery Soloman, et al. v. Blue Cross and Blue Shield Association</u>, United States District Court, S.D. Fla., No. 03-22935 ("Soloman"); and 3) <u>Charles Stein, M.D. v. Blue Cross and Blue Shield of Florida, et al.</u>, M.D. Fla., No. 6:05-1799 ("Stein"). Dr. Rick Love was substituted for Dr. Kenneth Thomas the original class representatives in the Thomas action; however, for continuity, this action will still be referred to as the "Thomas"action.

to Blue Cross's request for coverage, but reserved its rights under the Policy.

Blue Cross and the Thomas plaintiffs entered into a settlement agreement, which is awaiting final approval in the United States District Court for the Southern District of Florida.[3] No settlement has been reached in the Soloman and Stein actions. Blue Cross seeks coverage under the Policy for defense costs and expenses of more than $6.3 million. Blue Cross also seeks coverage under the Policy for its allocable share - $10,426,119, and administration costs - of the $177 million proposed settlement of the Thomas action ($128 million to reimburse plaintiffs and $49 million in counsel fees).

On May 1, 2007, Executive Risk filed this declaratory action (the "Declaratory Action"), which asks the Court to determine Executive Risk's obligations to Blue Cross under the Policy. Specifically, Executive Risk seeks a declaration that it has no duty to defend or indemnify Blue Cross for the Provider Actions under the Policy. Executive Risk alleges that the damages sought in the Provider Actions "do not fall within the [Policy's] insurance agreement and seek amounts due under a contract and/or restitution or disgorgement, which are not included within the [Policy's] definition of covered loss." (Dkt. 20 at p. 2) (citing to the Complaint (Dkt. 1, ¶¶ 7, 56).

In the Motion to Dismiss, Blue Cross informs the Court that the Declaratory Action must be dismissed because it is not ripe for adjudication. Blue Cross claims that information developed in the Declaratory Action may have an adverse impact on its ability to defend

---

[3] The United States District Court for the Southern District of Florida granted preliminary approval.

itself in the Soloman and Stein actions. In the alternative, Blue Cross seeks a stay of any portion of Executive Risk's complaint pertaining to the Soloman and Stein actions.

Executive Risk argues that the case is ripe for adjudication. Executive Risks informs the Court that it faces a "*current and immediate* demand from Blue Cross for roughly $8 million of [Executive Risk's] $10 million policy limit . . . ." (Dkt. 27 at p. 1). The $8 million demand from Blue Cross includes defense of the Provider Actions and indemnity for the proposed settlement of the Thomas action. Executive Risk further informs the Court that the Declaratory Action is neither "inappropriately forward-looking nor does it request speculative relief on unasserted claims." (Dkt. 27 at p. 1). Executive Risk claims that it is seeking "two distinct declarations" from the Court:

> [1] . . . a judicial declaration that the [Policy] does not cover and/or excluded Blue Cross' proposed settlement of the *Thomas* lawsuit. [2] In addition, [Executive Risk] is entitled to a declaration that Blue Cross is not entitled to coverage for its costs and expenses allegedly incurred in the defense of the Provider Actions to the extent that such costs and expenses are not reasonable or necessary. . . .

(Dkt. 27 at p. 2).

In support of its claim that the defense expenses are not reasonable or necessary, Executive Risk informs the Court that Blue Cross has refused to provide Executive Risk with adequate and complete information regarding its alleged defense expenses despite repeated requests for the information. (Dkt. 26 at p. 8).

**II.    Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the

complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. <u>Jackson v. Okaloosa County, Fla.</u>, 21 F.3d 1532, 1534 (11th Cir. 1994). Furthermore the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed. R.Civ. P., 10 (c); <u>GSW, Inc. v. Long County, Ga.</u>, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint must be dismissed pursuant to Fed.R.Civ.P 12 (b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1974 (2007) (rejecting the traditional 12(b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. <u>Harrison v. Office of the State Courts Administrator</u>, 2007 WL 1576351 (May 20, 2007, M.D. Fla.) (citing to <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)).

In general, courts disfavor motions to dismiss and only grant such motions in rare circumstances. <u>See</u> <u>Gasper v. La. Stadium and Exposition Dist.</u>, 577 F.2d 897, 900 (5th Cir. 1978). Further, a motion to dismiss a complaint must be decided on questions of law and questions of law only. <u>Kest v. Nathanson</u>, 216 So.2d 233, 235 (Fla. 4th Dist. Ct. App. 1968).

**III.   Discussion**

The Motion to Dismiss (Dkt. 20) is **DENIED** in its entirety. This case is ripe for judicial review. Here, Executive Risk is not seeking an indemnification declaration from the

Court about the Soloman and Stein actions, it only seeks a declaration as to defense expenses incurred to date for the Soloman and Stein actions.

The ripeness doctrine prevents the courts, through avoidance of premature adjudication, from entangling themselves in abstract agreements. <u>Developers Surety and Indemnity v. Harding Village, Ltd.</u>, 2007 WL 465478, *4 (S.D. Fla., Feb. 9, 2007) (denying a Motion to Dismiss due to ripeness and sufficient injury). This case is clearly ready for review as there is a concrete and immediate demand from Blue Cross for over $8 million for defense expenses for the Provider Actions and settlement of the Thomas action.

Blue Cross admits that it has treated the Provider Actions as related claims under the Policy. This treatment is highlighted by Blue Cross's apparent failure to provide Executive Risk with a detailed accounting of defense expenses for the Provider Actions. Specifically, Blue Cross lumped together the defense expenses for all of the Provider Actions. It makes no sense for Blue Shield to have the benefit of lump billing while at the same time it is asking the Court to dismiss this action or stay those parts of it related to the Soloman and Stein actions.

In this case, Blue Cross is the architect of its own angst. Blue Cross created the necessity for the filing of the Declaratory Action through its demands on Executive Risk. Blue Cross can obviate the need for this Declaratory Action immediately by providing Executive Risk with a detailed and action specific accounting of the defense expenses billed to date and by dropping its demand for immediate payment of those expenses under the Policy. The Court will not step in to aid Blue Cross, when it has not exercised the self help

available to it. Accordingly, this action will proceed in its entirety.

Finally, the Court notes that the authority Blue Cross cited is unpersuasive on the issues raised in this action. Blue Cross cited cases which either represent very unique circumstances, St. Paul Fire & Marine Ins. Co. v. SeaQuest International, Inc., 2006 WL 889994 (M.D. Fla., Mar. 31, 2006), or are inapposite, Ameritas Veritable Life Ins. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005) (affirming dismissal of an insurer's declaratory judgment action in favor of parallel state court proceedings).

## IV. Conclusion

For all of the reasons cited above, the Motion to Dismiss (Dkt. 20) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville on this 27th day of November 2007.

_____
JOHN H. MOORE II
United States District Judge

Copies to: Counsel of Record